UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEJUAN GOLDEN, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 1:17-cv-02598-TWP-DML ) |
| SUPERINTENDANT Plainfield Correctional Facility, | ) ) ) ) |
| Respondent. | ) |

**Entry Granting Respondent's Motion to Dismiss
and Directing Entry of Final Judgment**

In this habeas action, petitioner DeJuan Golden challenges a prison disciplinary conviction for resisting, offense B-235, in case No. IYC 17-05-0084. The petitioner was found guilty on May 20, 2017, and sanctions of a written reprimand, extra work duty, the loss of phone, JPay, and commissary privileges, and 90 days suspended in restrictive housing, were imposed. Dkt. 7-1.

Mr. Golden alleges in his petition that he was sanctioned with the suspended loss of 90 days of earned credit time and a demotion in credit class, but the record does not support this contention. Dkt. 2, pp. 1, 4; dkt. 7-1. The suspended 90 day sanction related to restrictive housing, not earned credit time or credit class. Dkt. 2, p. 4; dkt. 7-1. The respondent seeks dismissal of the action because the petitioner's sanctions did not affect the fact or anticipated duration of his confinement and thus they are not sufficient to meet the "in custody" requirement of the federal habeas statute, 28 U.S.C. § 2254(a). *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). Mr. Golden has not opposed the motion to dismiss.

Here, because there was no loss of earned credit time or credit class, no sanction affected the fact or duration of Mr. Golden's confinement. "Section 2254 requires that the petitioner be 'in custody.'" *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004); *see also Smith v. Wilson,* 264 Fed.Appx. 503, 504 (7th Cir. Feb. 6, 2008) ("Section 2254 provides the exclusive avenue for federal relief of constitutional violations when those violations result in a loss of good-time credit or a reduction in the rate of earning good-time credit."); *Montgomery,* 262 F.3d at 643 ("But *only* the change in credit-earning class may be challenged under § 2254. Disciplinary segregation affects the severity rather than duration of custody."). Because the undisputed record reflects that sanctions imposed in case No. IYC 17-05-0084 did not affect the duration of Mr. Golden custody, the respondent's unopposed motion to dismiss, dkt. [7], must be **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/19/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

DEJUAN GOLDEN, 953611
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only